UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD VAUGHN OLIPHANT,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN T. MOYNIHAN, et al.,<br><br>        Defendants. | Case No. 15-cv-01187-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 12, 29, 31 |

Defendants Brian T. Moynihan, Bruce R. Thompson, Natasha M. Barone, and Terry Hutchens ("Defendants") move to dismiss the Amended Complaint filed by Plaintiff Leonard Vaughn Oliphant ("Oliphant") on numerous grounds, including lack of personal jurisdiction. *See* Dkt. Nos. 12, 29, and 31.[1] Specifically, the Defendants contend that they are not residents of California and have not maintained any contacts with the State of California sufficient to support the exercise of personal jurisdiction.

The Court finds this issue dispositive, and thus does not reach the other challenges briefed by the Defendants. For the reasons discussed below, Defendants' Motions are **GRANTED**.[2]

**I.   LEGAL STANDARD**

Traditional bases for personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within the forum state, or a defendant's citizenship or domicile in the forum state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011). Absent

---

[1] The Amended Complaint does not expressly identify the relationship of the Defendants to Bank of America. However, it appears that Moynihan and Thompson are Bank of America's Chief Executive Officer and Chief Financial Officer, respectively, while both Barone and Hutchens appear to work at the North Carolina law firm that initiated a foreclosure proceeding on Oliphant's North Carolina property on behalf of Bank of America in mid-2014.

[2] The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b).

one of these bases, due process requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.,* 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction is proper. *See Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir. 1984). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP,* 476 F.3d 756, 766 (9th Cir. 2007). In considering whether personal jurisdiction is proper, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction. General jurisdiction exists when a defendant is domiciled in the forum state or his activities in the forum are "substantial" or "continuous and systematic." *Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998). A court may exercise specific personal jurisdiction over a nonresident defendant if: (1) the nonresident defendant purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two of these three elements. *Id*. Once satisfied, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

**II.   DISCUSSION**

The Amended Complaint in this action spans 80 pages and 550 numbered paragraphs. *See* Dkt. No. 4. Despite its length, the Amended Complaint contains very few allegations of fact. From what the Court can surmise, at some point prior to August 25, 2009, Oliphant secured a loan of approximately $ 240,000 with a Deed of Trust to an unspecified property. Am. Compl. ¶ 83.

Oliphant has not made a payment on that loan since at least August 25, 2009, the date of his first missed payment. *Id*. ¶¶ 336-344. The bulk of the Amended Complaint is comprised of legal assertions and conclusions related to the Defendants' alleged efforts to collect on that debt.

Defendants represent that this case concerns a home equity line of credit of approximately $240,000, which Oliphant secured with a Deed of Trust against real property located in Henderson County, North Carolina. Dkt. No. 12 at 1. Although the Defendants move to dismiss on numerous grounds, their first argument is that the Court may not exercise personal jurisdiction because the Amended Complaint does not allege facts sufficient to demonstrate any Defendant maintained sufficient "minimum contacts" with California. *Id*. at 5. The Court agrees.

As an initial matter, none of the "traditional bases" for jurisdiction are present: (1) Defendants have not consented to jurisdiction; (2) Defendants were served with the Complaint in North Carolina, not California; and (3) none of the Defendants are alleged to be citizens of or domiciled in California. *See J. McIntyre Mach.*, 131 S.Ct. at 2787. Accordingly, in order to demonstrate that personal jurisdiction is appropriate, Oliphant must show that the Defendants' contacts with California are "substantial" or "continuous and systematic" sufficient to exercise general jurisdiction, *Panavision,* 141 F.3d at 1320, or that the "nature and quality" of those contacts are sufficient to exercise specific jurisdiction, *Data Disc, Inc. v. Systems Tech. Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977).

Oliphant has not satisfied either standard. Despite the Court providing Oliphant two extensions of time to file an Opposition, *see* Dkt. Nos. 23, 35, his brief largely ignores Moynihan and Thompson's jurisdictional challenge. *See* Dkt. No. 36. Plaintiff did not file timely oppositions to Barone and Hutchens' Motions to Dismiss. Notwithstanding this failure, the Court has independently reviewed the Amended Complaint and is satisfied that—even had Oliphant argued the existence of personal jurisdiction in his Opposition—the allegations therein would not permit the Court to exercise personal jurisdiction over the Defendants. The few allegations that even plausibly concern the Defendants' contacts with the State of California can be organized into three categories:

First, the Amended Complaint alleges that Oliphant "is informed and believes" that,

3

despite having principal places of business in North Carolina, each of the Defendants "is doing business in California." Am. Compl. ¶¶ 26-29.  Oliphant's vague belief constitutes, at most, a "mere 'bare bones' assertion[ ] of minimum contacts with the forum" that the Ninth Circuit has determined "will not satisfy a plaintiff's pleading burden." *Swartz,* 476 F.3d at 766.  Paragraphs 26 through 29 of the Amended Complaint do not support either general or specific jurisdiction over any of the Defendants.

Second, the Amended Complaint asserts that Oliphant received several letters in mid-2014 (which Oliphant labels "Creditor Information Packages") from either Moynihan or Thompson concerning his outstanding debt.  Am. Compl. ¶¶ 88-89, 125, 127, 316, and 318.  Defendants have submitted those letters to the Court as exhibits to a request for judicial notice, *see* Dkt. No. 13, and Oliphant has not questioned their authenticity.  "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz*, 476 F.3d at 763.  The Court has reviewed the correspondence and agrees with Defendants that those letters were sent to Oliphant from Bank of America Home Loans and do not bear any reference to Moynihan or Thompson.   In short, Oliphant appears to attribute these letters to Moynihan and Thompson because they are executives of Bank of America, not because of their personal involvement in the correspondence.  Personal jurisdiction may not be based on that connection. *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 520 (9th Cir. 1989) ("[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.").

Finally, the Amended Complaint alleges that Oliphant sent Moynihan and Thompson several letters and demands concerning his outstanding debt and their alleged misconduct during late 2014 and early 2015. Even assuming that Oliphant sent these letters from California, which is not alleged in the Amended Complaint, Oliphant's unilateral actions cannot provide the foundation for personal jurisdiction against the Defendants. *See Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1138 (9th Cir. 2006) ("[T]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . rather it must be actions by the defendant *himself* that create a substantial connection.")

4

(citation and quotation marks omitted) (emphasis in original). Accordingly, none of the allegations in the Amended Complaint plausibly suggest that personal jurisdiction over any of the Defendants is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss for lack of personal jurisdiction and **DISMISSES WITHOUT PREJUDICE** the Amended Complaint. Although the Court doubts whether Oliphant can in good faith plead facts sufficient to support the Court's exercise of personal jurisdiction over Defendants, Oliphant will be provided another opportunity to do so. By no later than **June 26, 2015**, Oliphant shall file either: (1) a Second Amended Complaint pleading facts sufficient to establish personal jurisdiction over the Defendants; or (2) a statement alerting the Court that he will not file a Second Amended Complaint. If Oliphant does not file a Second Amended Complaint sufficient to support personal jurisdiction over the Defendants, this action will be dismissed with prejudice. The Court will not consider a motion to extend the June 26, 2015 deadline.

Oliphant is advised that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland; (2) calling (415) 782-8982. The Court strongly encourages Oliphant to take advantage of this resource.

**IT IS SO ORDERED.**

Dated: June 4, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge