UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD VAUGHN OLIPHANT,<br>　　　　Plaintiff,<br>　　v.<br>BRIAN T. MOYNIHAN, et al.,<br>　　　　Defendants. | Case No. 15-cv-01187-HSG<br><br>**ORDER**<br>Re: Dkt. Nos. 57, 60 |

　　　　On June 4, 2015, the Court granted Defendants' motions to dismiss Plaintiff's Amended Complaint on the ground that the Amended Complaint failed to allege facts supporting personal jurisdiction. Dkt. No. 55. In short, Plaintiff has sued four individuals—all of whom either work for Bank of America or worked at a law firm allegedly engaged by Bank of America—without pleading how personal jurisdiction is appropriate over the Defendants as individuals (as opposed to Bank of America as a company). *Id*. The Court provided Plaintiff over three weeks to file a Second Amended Complaint to address this deficiency. *Id*. at 5. However, given the extensions of time already provided to Plaintiff, *see* Dkt. Nos. 23 and 35, and the need to efficiently manage its docket, the Court informed Plaintiff that the Court would not consider a motion to extend this deadline and that failure to file a timely Second Amended Complaint would result in dismissal with prejudice. *See* Dkt. No. 55 at 5.

　　　　Despite these clear instructions, Plaintiff did not file a Second Amended Complaint by the June 26, 2015 deadline, or at any time thereafter. Instead, Plaintiff filed what he termed a "Request Declaratory Judgment Plaintiff's Objection to Court's Order Granting Motions to Dismiss; Notice of Harm and Damage and Distress of Bond." Dkt. No. 57 at 1. Plaintiff's submission improperly seeks to reargue (and raise new arguments) concerning the question of personal jurisdiction resolved by the Court's June 4th order. *See id*. Plaintiff requests that the

1  Court vacate its order, or, in the alternative, correct the order "so as to pave the way for an orderly
2  appeal." *Id*. at 9.  In that submission, Plaintiff affirmatively represented that he "will not be
3  amending his Amended Claim . . . ." *Id*.

4  Accordingly, there is currently no operative complaint in this action and the Court must
5  decide whether to permit Plaintiff another opportunity to amend.  Although a court will generally
6  grant leave to amend a dismissed complaint, leave to amend may be denied "due to 'undue delay,
7  bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
8  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of
9  the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d
10 522, 532 (9th Cir. 2008) (citation omitted).  In this case, Plaintiff was afforded the opportunity to
11 amend his pleading.  Dkt. No. 55; *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540
12 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is
13 particularly broad where plaintiff has previously amended the complaint.") (citation omitted).  He
14 refused to do so.  Dkt. No. 57 at 9; *see also Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d
15 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("The fact that Zucco failed to correct these
16 deficiencies in its Second Amended Complaint is 'a strong indication that the plaintiffs have no
17 additional facts to plead.'") (citation omitted).  Plaintiff's outright refusal to amend in
18 contravention of the Court's order strongly suggests that he has "made [his] best case and [has]
19 been found wanting." *Id*.

20 Pursuant to the Court's June 4, 2015 order, Plaintiff's Amended Complaint is
21 **DISMISSED WITH PREDUJICE**.[1]
22 **IT IS SO ORDERED.**
23 Dated: July 22, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] This Order also terminates Defendants' Motion to Dismiss for Lack of Prosecution, Dkt. No. 60, which is now moot in light of the Court's ruling.